# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GARY M. MANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV407-140 |
| THE HONORABLE PETE GEREN, *Secretary of the United States Department of the Army*, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 22.) Plaintiff has not responded to the motion, and it is therefore deemed unopposed. L.R. 7.5. For the reasons that follow, defendant's motion should be **GRANTED** and this case should be **DISMISSED**.

The facts giving rise to plaintiff's claim can be briefly summarized as follows. Plaintiff worked as an automated logistics specialist at Fort Stewart until his term of employment came to an end in January of 1999.

(Doc. 1 at 4.) Since the expiration of his term of employment, he has relentlessly pursued reemployment with the Army, filing several applications between 1999 and 2006.[1] (Id. at 4-6.) Plaintiff contends that his applications were impermissibly rejected on the basis of his disability, race, and sex. (Id. at 9.) As relief, he seeks an offer of employment, back pay, and $215,000 in damages.

Although plaintiff does not cite any specific statutory authority underlying this action, defendant argues that plaintiff is most likely basing his claim on the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. As a precondition to suit under either provision, a federal sector complainant must first present his claim to the Equal Employment Opportunity Commission ("EEOC"). After a final decision by the EEOC, a plaintiff has ninety days within which to file suit in a federal court. 29 C.F.R. § 1614.407. Filing within the ninety–day limitations period is a condition precedent to initiating suit in this Court. Jones v. Wynne, No.

---

[1] Plaintiff also reasserts a specific non-selection for employment previously adjudicated and dismissed by this Court in Mann v. Geren, No. 406cv267, 2007 WL 2595299, at *4 (S.D. Ga. Sept. 5, 2007). (Doc. 1 at 7.) Further litigation of this claim is likely precluded by res judicata or collateral estoppel.

2

506cv96, 2007 WL 1655405, at *8 (N.D. Fla. June 6, 2007) (citing Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1525 (11th Cir. 1983)).

Plaintiff filed two complaints with the EEOC, the first of which was denied as untimely in December 2004.[2] (Doc. 1 at 6.) His second EEOC complaint was denied on July 21, 2006. (Doc. 23-2 at 16.) He moved for reconsideration, and the EEOC again denied his complaint on September 22, 2006. (Id. at 12.) The EEOC's final denial clearly stated that plaintiff had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [he] receive[d] this decision."[3] (Id.) Plaintiff filed the present action on September 27, 2007, over one year after receiving the right-to-sue letter. (Doc. 1.) As over a year has passed since he received the right-to-sue letter, plaintiff's action is clearly untimely.

The ninety-day limitations period is not a jurisdictional bar to filing suit in this court. As noted above, it is merely a condition precedent to filing. Fouche, 713 F.2d at 1525; Jones, 2007 WL 1655405, at *8.

---

[2] The Court takes judicial notice of plaintiff's EEOC actions as they are matters of public record. Accordingly, the Court need not convert this into a motion for summary judgment.

[3] Plaintiff did file suit under that EEOC complaint, but that suit was dismissed for failure to state a claim. Mann, No. 406cv267, 2007 WL 2595299, at *4.

3

Consequently, it is subject to equitable modification. Fouche, 713 F.2d at 1526; Suarez v. Little Havana Activities, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); Roush v. Kartridge Pak Co., 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (discussing Supreme Court and circuit precedent on this issue). Plaintiff, however, has not presented the Court with any reason to toll the ninety-day limitations period to permit a second suit under the 2006 right-to-sue letter. As plaintiff has not alleged any facts or submitted any evidence supporting a tolling of the limitations period, this complaint should be **DISMISSED** as untimely.[4]

**SO REPORTED AND RECOMMENDED** this __2nd__ day of April, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[4] On February 28, 2008, plaintiff moved for summary judgment on the ground that defendant had failed to file a responsive pleading in the time permitted by the Federal Rules of Civil Procedure. (Doc. 19.) Service in this case was perfected on January 4, 2008, the date on which plaintiff executed service. (Docs. 16, 17, 18.) Accordingly, defendant had sixty days, or until March 4, 2008, to file a responsive pleading. Fed. R. Civ. P. 12(a)(3). Defendant properly responded with a motion to dismiss on that date. (Doc. 23.) Consequently plaintiff's motion for summary judgment is without merit and should be **DENIED**.